# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:23-CV-00205-FDW-DCK

| | |
|---|---|
| THOMASINA COFIELD GEAN,  )<br> )<br>Plaintiff,  )<br> )<br>v.  )<br> )<br>PHH MORTGAGE CORPORATION,  )<br>OCWEN LOAN SERVICING LLC, and  )<br>FEDERAL HOME LOAN BANK OF  )<br>INDIANAPOLIS,  )<br> )<br>Defendants.  )<br> ) | **ORDER** |

**THIS MATTER** is before the Court on Defendant PHH Mortgage Corporation's ("PHH") Motion to Dismiss, (Doc. No. 8), and Defendant Federal Home Loan Bank of Indianapolis's ("FHLBI") Motion to Dismiss, (Doc. No. 12). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advised Plaintiff, who appears *pro se,* of the burden she carried in responding to Defendants' Motions, (Doc. No. 11). This matter has been fully briefed, (Doc. Nos. 1, 9, 13, 17, 20, 21), and is ripe for ruling. For the reasons set forth below, Defendants' Motions to Dismiss are **GRANTED IN PART** and are **DENIED IN PART**.

## I.    BACKGROUND

On April 8, 2023, Tomasina Cofield Gean ("Plaintiff"), appearing *pro se*, initiated an action with this court with the filing of a form "Complaint," which identified OCWEN Loan Servicing, LLC; PHH; and FHLBI as Defendants. (Doc. No. 1). Plaintiff, as niece and caretaker, asserts causes of action on behalf of her Aunt regarding her Aunt's mortgages, which pertain to her Aunt's home, located at, 425 East 15th Street, Charlotte, North Carolina (hereinafter "the Property"). (Id.). Plaintiff's Complaint states:

1

> OCWEN Mortgage Company, and [PHH] wrongly charged my Aunt for second mortgage. They also had not accurately did the 5bill statements which had errors she was charged for amounts she did not owe. Also [FHLBI] is liable they merged with PHH and bought out OCWEN and their loans[.]

(Doc. No. 1, p. 4). The Complaint also asks the Court to award $60 million in damages for Plaintiff's Aunt's pain and suffering. (Id.). Plaintiff's Aunt was deceased at the time Plaintiff filed the Complaint. (Doc. No. 17, p. 1).

In response to Plaintiff's Complaint, Defendant PHH filed a Motion to Dismiss on July 3, 2023. (Doc. No. 8). PHH argues Plaintiff's Complaint must be dismissed because she lacks standing to bring the claim and fails to state a claim. (Doc. No. 9). PHH also attached exhibits to their Motion, noting the Deed of Trust and Satisfaction of the Deed of Trust were executed solely by Wilhelmenia Cofield, Plaintiff's deceased Aunt. (Doc. No. 8, p. 4, 22, 26). Defendant FHLBI filed their Motion to Dismiss on July 18, 2023, arguing Plaintiff's Complaint must be dismissed because she lacks standing to bring a claim, fails to state a claim, and failed to properly serve the Complaint on FHLBI as required by Fed. R. Civ. P. 4. (Doc. No. 12, 13).

Plaintiff responded to both PHH's and FHLBI's Motion to Dismiss on July 25, 2023. (Doc. No. 16, 17). In her response, Plaintiff asks the Court not to dismiss the case because she pays the property taxes on the Property, and it is the home where she and many other family members were raised. (Doc. No. 17, p. 1). Additionally, Plaintiff attached multiple articles regarding past OCWEN lawsuits, a 2015 mortgage account statement, and the letters she has sent the lender requesting mortgage documents. (Id. at 3, 5, 7, 13). Plaintiff further alleges the mortgage is inaccurate due to Defendant's poor record keeping and asks that the Property not be sold or foreclosed. (Id. at 2).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) must be granted if the court lacks subject matter jurisdiction to hear a claim. In re Flonase Antitrust Litig., 610 F. Supp. 2d 409, 412 (E.D. Pa. 2009). A Rule 12(b)(1) motion to dismiss is proper for lack of standing "because standing is a jurisdictional matter." Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007).

When a defendant argues the complaint fails to invoke subject matter jurisdiction, the court affords the plaintiff the same procedural protection as under a Rule 12(b)(6) consideration. Maryland Shall Issue, Inc. v. Hogan, 963 F.3d 356, 361 (4th Cir. 2020). Therefore, the court must accept the facts alleged in the complaint as true, "and the defendant's challenge must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Beck v. McDonald, 848 F.3d 262, 270 (4th Cir. 2017). Furthermore, when reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider the pleadings, and the facts and documents found therein, as evidence on the issue without converting the motion to one for summary judgment. In re KBR, Inc., Burn Pit Litig., 744 F.3d 326, 333 (4th Cir. 2014); Orr v. U.S. EPA, 641 F. Supp. 3d 258, 267 (W.D.N.C. 2022). The plaintiff has the burden of proving subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

When considering a motion to dismiss involving *pro se* parties, courts should construe the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). This liberal construction, however, need not extend to outright advocacy for the *pro se* plaintiff. Gordon, 574 F.2d at 1151.

### III. ANALYSIS

#### A. Subject Matter Jurisdiction

Defendants move for dismissal and argue this Court lacks subject matter jurisdiction because Plaintiff fails to meet the requirements for standing. Pursuant to Article III, "to invoke federal jurisdiction, a plaintiff bears the burden of establishing" standing by demonstrating:

> (1) an injury-in-fact (i.e., a concrete and particularized invasion of a legally protected interest); (2) causation (i.e., a fairly traceable connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (i.e., it is likely and not merely speculative that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).

Beck, 848 F.3d at 269; see also Dep't of Educ. v. Brown, 600 U.S. 551, 561 (2023). A third party can demonstrate she has a legally protected interest in a property if she has ownership or possessory interest in it and the alleged injury-in-fact results in a concrete harm. United States v. Under Seal, No. 21-7273, 2023 WL 4146234, *1 (4th Cir. June 23, 2023). "Where a claimant asserts a hypothetical 'interest in claim, not an interest in property,' the claimant lacks Article III standing." Id.; (quoting United States v. Batato, 833 F.3d 413, 435 (4th Cir. 2016)).

Here, Plaintiff failed to produce documentation indicating she had an ownership interest in the Property. (Doc. Nos. 1, 16, 17, 20). Moreover, PHH produced the Property's Deed of Trust, which solely named Wilhelmenia Cofield, Plaintiff's deceased Aunt, as the grantor, indicating Plaintiff holds no ownership interest in the Property, or any lien attached therein, for which this suit was brought. (Doc. No. 8, p. 4, 22, 26). Nothing in Plaintiff's Complaint or other pleadings before this Court suggest Plaintiff is legally authorized to act on behalf of Cofield's estate. For example, Plaintiff has not plead that she is the executrix or administrator of the Estate. Therefore, the question of standing hinges on whether Plaintiff has a possessory interest in the Property, for which she has suffered a concrete harm.

4

In North Carolina, if a plaintiff can show they have actual or constructive possession of the property in dispute, they have a legally recognized interest. Dixon v. Gifford, 736 S.E.2d 647, 2013 WL 150026, at *4 (N.C. Ct. App. 2013). Actual possession exists where a person, as a tenant, has dominion and control over the property and is making ordinary use of it. Matthews v. Forrest, 69 S.E.2d 553, 556 (N.C. 1952); Dixon, 2013 WL 150026, at *4. Whereas constructive possession exists when a person has title to possess the property. Matthews, 69 S.E.2d at 556. Possession can also be established through the doctrine of adverse possession if the plaintiff shows "open, hostile, exclusive, and continuous possession of the land claimed for the prescriptive period" of 20 years. Dixon, 2013 WL 150026, at *5; N.C. Gen. Stat. § 1-40.

Here, Plaintiff cannot assert constructive possession because nothing in the materials before the Court suggest she has title to the Property. Furthermore, Plaintiff's Complaint does not indicate she is in actual possession of the Property because she lists another address as her place of residence and fails to indicate whether she was a tenant of the Property. (Doc. Nos. 1, 17, 20). Nor can Plaintiff establish a claim of adverse possession because even if she demonstrated open, hostile, exclusive, and continuous possession of the Property, she would not satisfy the prescriptive period of 20 years, as her Aunt only passed away two years ago. (Doc. No. 17, p. 1). Therefore, despite Plaintiff stating that she pays the property taxes and other financial obligations of the Property, that alone is insufficient to establish she has a possessory interest in her deceased Aunt's home. (Id.); see also Gittens v. PHH Mortg. Corp., No. 3:23-CV-00052-KDB, 2023 WL 2169090, at *2 (W.D.N.C. Feb. 22, 2023) (concluding that "while Plaintiff pleads that he is 'obligated to pay' the [mortgage of his deceased mother's home], this vague conclusory statement is insufficient to plead ownership or interest"). Consequently, Plaintiff does not have a third-party legally protected interest to meet the injury-in-fact element of standing.

Moreover, even if the court were to find Plaintiff held an ownership or possessory interest in the Property, she has failed to allege a concrete harm to said interest. In her Complaint, Plaintiff only mentioned the harm Defendants allegedly caused to her deceased Aunt, not herself. (Doc. No. 1, p. 4). Plaintiff also stated the relief sought is for her "Aunt's pain and suffering". (Id.). Plaintiff's only alleged harm to herself is the possibility of losing the home because of the "sentimental feeling attached to [it]" and the wish "to keep it in [her] family." (Doc. No. 17, p. 2). Thus, Plaintiff's alleged harm is not an actual, imminent, or concrete harm or injury that can be redressed by this Court because no injury has yet been suffered. See, e.g., United States v. Phillips, 883 F.3d 399, 403 (4th Cir. 2018) (illustrating that "an owner or possessor of property" suffers an injury and concrete harm "that can be redressed at least in part" when the harm is the seizure of their property).

Ultimately, Plaintiff cannot satisfy Article III's standing to invoke federal jurisdiction because she does not have a legal interest in the Property and can only assert a hypothetical interest in a claim, which is to keep it in her family. See United States v. Phillips, 185 F.3d 183, 188 (4th Cir. 1999) (concluding that a claimant who had "an 'interest in purchasing'" properties but no "legal interest" does not "suffer an injury-in-fact when he was denied title to the properties at issue"). Therefore, because Plaintiff lacks standing to bring a claim, Plaintiff's claims are **DISMISSED** for lack of subject matter jurisdiction.

### B. Failure to State a Claim

Defendants next move for dismissal arguing Plaintiff fails to state a claim because Plaintiff's Complaint lacks facts to support the allegations made. As explained herein, Plaintiff lacks subject matter jurisdiction, therefore, the Court need not reach the merits of Defendants' 12(b)(6) motion. Thus, Defendants' Rule 12(b)(6) motion is **MOOT**.

6

Case 3:23-cv-00205-FDW-DCK    Document 23    Filed 01/30/24    Page 6 of 7

### C. Lack of Proper Service

Defendant FHLBI also moves for dismissal arguing Plaintiff failed to properly serve FHLBI with a copy of the Complaint as required by Fed. R. Civ. P. 4. As explained herein, Plaintiff lacks subject matter jurisdiction, therefore, the Court need not reach the merits of FHLBI's 12(b)(5) motion. Thus, Defendant's Rule 12(b)(5) motion is **MOOT.**

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that for the reasons above, Defendants' Motions to Dismiss, (Doc. No. 8, 12), to the extent they are made pursuant to Fed. R. Civ. P. 12(b)(1) are **GRANTED and this case is DISMISSED**. Defendants' Motions to Dismiss to the extent they rely on Fed. R. Civ. P. 12(b)(5) and 12(b)(6) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: January 30, 2024

_____
Frank D. Whitney
United States District Judge